## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **BILLY JACOBS** | § | |
| | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 6:21-CV-77** |
| | § | |
| | § | |
| | § | |
| **JOSIAH LEMELIN** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Billy Jacobs initiated the above-styled lawsuit seeking relief against Defendant Josiah Lemelin pursuant to 42 U.S.C. § 1983. The case is referred to the undersigned pursuant to 28 U.S.C. § 636. Before the Court is Defendant's Motion for Summary Judgment (ECF 23). Having reviewed and considered the motion, response, and reply brief, the Court recommends that the motion be **GRANTED**.

## BACKGROUND

Plaintiff alleges that Defendant, while employed as a City of Henderson police officer, violated 42 U.S.C. § 1983 by conducting an illegal search. Plaintiff states that Defendant drove by his residence in a patrol vehicle on the evening of March 8, 2019 and called in a report that he detected the odor of burning marijuana while Plaintiff was sitting in a covered carport at the rear of the property with a friend. Plaintiff asserts that Defendant could not have viewed them in the carport from the street at night and could not have determined where the odor was coming from.[1] Plaintiff submits that Defendant illegally entered the curtilage of the home, identified himself as a

---

[1] Plaintiff's Original Complaint, ECF 1, at *7.

police officer, and visually searched the carport, ultimately finding marijuana.[2]  Defendant arrested Plaintiff and transported him to the county jail.  Plaintiff bonded out and the charges were later dismissed on March 22, 2019.[3]

Defendant filed his motion for summary judgment asserting that he is entitled to qualified immunity.  Defendant contends that he drove by Plaintiff's house while patrolling the neighborhood on March 8, 2019 and smelled the odor of burning marijuana.  According to Defendant, the smell dissipated when he left the area of Plaintiff's home and got stronger as he returned to it.  Defendant submits that he could see individuals and activity in the open carport at Plaintiff's residence.  Believing that individuals in the carport area had committed or were committing a criminal offense, Defendant thought he had probable cause to make contact and further investigate the situation.[4]  Defendant further believed that the marijuana would be destroyed, fully consumed or moved in the time it would take to obtain a warrant.[5]  Defendant explains that he did not approach the front door due to a barking dog and instead walked along the driveway to the carport.  Once outside the carport, Defendant shined his flashlight and announced that he was a police officer.  In the carport, Defendant viewed a baggie containing a leafy green material appearing to be marijuana and a glass pipe on the table in plain view.[6]  Officer Christopher McBryar arrived on the scene and also viewed the baggie and the glass pipe.  According to Defendant, Plaintiff identified himself as the owner the residence and stated that the marijuana belonged to him.[7]  Defendant placed Plaintiff under arrest for the offense of possession of marijuana and transported him to the Rusk County Jail.  Regardless of whether the carport is part

---

[2] *Id*. at *12.
[3] *Id*. at *13.
[4] Defendant Josiah Lemelin's Motion for Summary Judgment and Brief in Support, ECF 23, at *4; Affidavit of Josiah Lemelin, ECF 23-1, at *2, ¶ 6 (Exhibit A).
[5] *Id*. at *6; Affidavit of Josiah Lemelin, ECF 23-1, at *2, ¶ 8 (ExhibitA).
[6] *Id*. at *4; Affidavit of Josiah Lemelin, ECF 23-1, at *2, ¶ 10 (Exhibit A).
[7] *Id*. at *5; Affidavit of Josiah Lemelin, ECF 23-1, at *3, ¶ 11 (Exhibit A).

of the curtilage of the home, Defendant asserts that he was legally on the premises because of probable cause and exigent circumstances. Defendant argues that he did not violate Plaintiff's Fourth Amendment rights and that he is entitled to qualified immunity.

In response, Plaintiff objects to Defendant's affidavit to the extent it is based on his opinions or subjective beliefs. Plaintiff submits that there is no evidence that any odor emanated from his property, Defendant entered his property before seeing a crime being committed, Defendant could not have seen into the carport from his vehicle and Defendant did not have probable cause. Even if Defendant smelled marijuana burning, Plaintiff argues that the smell alone would not support a warrantless search because Defendant could not pinpoint a specific individual connected to the odor.

Plaintiff asserts that the carport is covered and attached to the rear of the home, enclosed with a fence on the rear and side and filled with personal items. Plaintiff submits that the curtilage of his home was searched without a warrant, consent, probable cause or exigent circumstances, resulting in a violation of his Fourth Amendment right to be free from an unreasonable search of his home. Plaintiff asserts that Defendant is not protected by qualified immunity. In support of his assertion that Defendant's conduct was unreasonable, Plaintiff points to a letter from Henderson Police Department Deputy Police Chief Randal Hudman. The letter purports to be in response to a complaint letter submitted by Plaintiff. The letter states that administrative review of the arrest showed that Defendant acted within city and department policies, as well as within state and federal law, but that the "event illustrated a training point that could be implemented within [the] agency that could possibly prevent similar confusion in the future . . ."[8]

---

[8] Plaintiff's Response and Brief in Support to Defendant Josiah Lemelin's Motion for Summary Judgment, ECF 24-5, at *1 (Exhibit 5).

In his reply, Defendant denies that his conduct constituted a warrantless search. He states that he smelled burning marijuana coming from Plaintiff's residence and approached the individuals he saw on the lighted carport by walking along the driveway. Even if his conduct is determined to be a search, Defendant submits that the totality of the circumstances presented him with probable cause to believe that contraband or evidence of illegal activity would be found at the residence. Both sides submitted identical body camera footage of the incident.

## SUMMARY JUDGMENT STANDARD

The Court may only grant a motion for summary judgment when there is no genuine dispute of material fact and the moving party is entitled to summary judgment as a matter of law. FED. R. CIV. P. 56(a). A genuine dispute as to a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A "material fact" is one that might affect the outcome of the suit under governing law. *Id*. The party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate

specific facts in the record showing that there is a genuine issue for trial. *Id.* All facts and inferences are viewed "in the light most favorable to the nonmoving party." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012). "Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Id.*

## ANALYSIS

Plaintiff claims that Defendant violated his Fourth Amendment right to be free from an unreasonable search. Defendant asserts qualified immunity. Once a defendant asserts qualified immunity in good faith, the usual summary judgment burden of proof is shifted, requiring the plaintiff to show that the defense is not available. *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015) (citing *Kovacic v. Villareal*, 628 F.3d 209, 211 (5th Cir. 2010)). In other words, the plaintiff "bears the burden of showing a genuine and material dispute as to whether the official is entitled to qualified immunity." *Id.* (citing *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010)).

Qualified immunity is intended to shield government officials from liability for monetary damages for acts in the performance of discretionary functions that were objectively reasonable in light of clearly established law. *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 2738 (1982); *Thompson v. Upshur County*, 245 F.3d 447, 456 (5th Cir. 2001). Qualified immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806 (1985).

A plaintiff seeking to defeat qualified immunity must show that the official violated a statutory or constitutional right and that the right was clearly established at the time of the challenged conduct. *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (en banc); *see also, McCreary v. Richardson*, 738 F.3d 651, 656 (5th Cir. 2013) (per curiam). To be clearly established, the "contours of the right must be sufficiently clear that a reasonable official would understand

that what he is doing violates that right." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034 (1987)). In other words, "would it be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 201–202, 121 S.Ct. 2151 (2001). In its discretion, the Court may determine which prong to evaluate first "in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236, 129 S.Ct. 808, 818 (2009).

A police officer searching a home is "entitled to qualified immunity where clearly established law does not show that the search violated the Fourth Amendment." *Pearson v. Callahan*, 555 U.S. at 243, 129 S.Ct. at 822. The qualified immunity analysis considers the "objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken." *Id*. at 243 (quoting *Wilson v. Layne*, 526 U.S. 603, 614, 119 S.Ct. 1692 (1999)). The Fourth Amendment of the United States Constitution provides, in pertinent part, that "[t]he right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." An individual's right to be free from governmental intrusion in his home is at the very core of the Fourth Amendment. *Florida v. Jardines*, 569 U.S. 1, 6, 133 S.Ct. 1409, 1414 (2013) (citing *Silverman v. United States*, 365 U.S. 505, 511, 81 S.Ct. 679 (1961)).

The areas immediately surrounding and associated with the home, commonly referred to as the curtilage, are part of the home for Fourth Amendment purposes. *Id*. (citing *Oliver v. United States*, 466 U.S. 170, 176, 104 S.Ct. 1735 (1984)). "The protection afforded the curtilage is essentially a protection of families and personal privacy in an area intimately linked to the home, both physically and psychologically, where privacy expectations are most heighted." *California v. Ciraolo*, 476 U.S. 207, 212–213, 106 S.Ct. 1809 (1986). A partially enclosed section of a

driveway, much like a front porch or side garden, is curtilage because it is an "area adjacent to the home and to which the activity of home life extends." *Collins v. Virginia*, ___ U.S. ___, 138 S.Ct. 1663, 1672 (2018) (internal quotations omitted). "When a law enforcement officer physically intrudes on the curtilage to gather evidence, a search within the meaning of the Fourth Amendment has occurred." *Id*. at 1670 (citing *Florida v. Jardines*, 569 U.S. at 11, 133 S.Ct. 1409).

The Supreme Court has consistently held that a warrantless search or seizure inside a home is presumptively unreasonable. *Id.*; *Kentucky v. King*, 563 U.S. 452, 459, 131 S.Ct. 1849 (2011); *Brigham City, Utah v. Stewart*, 547 U.S. 398, 403, 126 S.Ct. 1943 (2006). Similarly, seizing incriminating evidence in plain view without first obtaining a warrant requires the officer to have "a lawful right of access" to the object being seized. *Horton v. California*, 496 U.S. 128, 136–137, 110 S.Ct. 2301 (1990). For example, an officer who views illegal drugs through the window of a person's home cannot enter the house to seize them without first obtaining a warrant, unless a warrant exception applies. *Collins v. Virginia*, ___ U.S. ___, 138 S.Ct. at 1672.

The focus of the Fourth Amendment is reasonableness, such that there are recognized circumstances permitting a warrantless search. *Fernandez v. California*, 571 U.S. 292, 298, 134 S.Ct. 1126, 1131 (2014). A well-recognized exception to the warrant requirement is exigent circumstances compelling an officer to provide emergency assistance to an occupant of the home, to pursue a fleeing suspect or to prevent the destruction of evidence. *Brigham City, Utah v. Stuart*, 547 U.S. at 403, 126 S.Ct. at 1947. "[W]arrants are generally required to search a person's home or his person unless the 'exigencies of the situation' make the needs of law enforcement so compelling that the warrantless search is objectively reasonable under the Fourth Amendment." *Id.* (quoting *Mincey v. Arizona*, 437 U.S. 385, 393–394, 98 S.Ct. 2408 (1978)). Unless an exception to the warrant requirement applies, a warrantless entry is unconstitutional "even when a felony has

been committed and there is probable cause to believe that incriminating evidence will be found" inside of the home. *Payton v. New York*, 445 U.S. 573, 588, 100 S.Ct. 1371 (1980).

The Supreme Court's decision in *Collins*, supra, leaves no doubt that Plaintiff's carport is curtilage protected by the Fourth Amendment. Further, the summary judgment evidence submitted by both parties, including the body video camera footage of the incident, shows that Defendant entered the curtilage of Plaintiff's home without a warrant. Defendant's motion acknowledges that he entered the carport when he saw marijuana and a glass pipe.[9] Defendant asserts, however, that the warrantless entry was justified due to probable cause and exigent circumstances. He submits that he had probable cause to believe criminal drug activity was taking place because he smelled the odor of burning marijuana, he saw people moving around in the carport and "[t]he time in the evening supported the likelihood of drug-use."[10] Defendant additionally argues that exigent circumstances supported his warrantless entry because he believed that contraband would be removed, destroyed or consumed in the time it would take for him to obtain a warrant.

To support crossing the threshold of a person's home, probable cause need only point to the location and not to a specific person. *Parker v. State*, 206 S.W.3d 593, 598 (Tex. Crim. App. 2006). The fact that Defendant ultimately located marijuana in the carport is not relevant to the probable cause inquiry. *United States v. Reed*, 882 F.2d 147, 149 (5th Cir. 1989) ("It is settled that the presence or absence of probable cause to search is not determined by what the search does or does not ultimately reveal."). Under Texas law, the smell of burning marijuana, standing alone, is not enough to support a warrantless search. *Estrada v. State*, 154 S.W.3d 604, 608 (Tex. Crim. App. 2005); see also, *Parker v. State*, 206 S.W.3d at 597 ("If either probable cause or exigent circumstances are not established, a warrantless entry will not pass muster under the Fourth

---

[9] Defendant Josiah Lemelin's Motion for Summary Judgment, ECF 23, at *17.
[10] *Id*. at *19.

Amendment."). "This is because it is clear under both United States constitutional law and Texas constitutional law that a warrantless search of a residence is illegal unless probable cause exists in combination with exigent circumstances." *Id*. It is clear that "no amount of probable cause can justify a warrantless search or seizure absent exigent circumstances." *Horton v. California*, 496 U.S. at 137 n. 7 (internal quotations and citations omitted).

The application of the exigent-circumstances exception is considered on a case-by-case basis. *Lange v. California*, ___ U.S. ___, 141 S.Ct. 2011, 2018 (2021); *Birchfield v. North Dakota*, 579 U.S. 438, 136 S.Ct. 2160, 2174 (2016). For exigent circumstances to justify a warrantless search, the totality of the circumstances must show that the search was objectively reasonable. *Brigham City, Utah v. Stuart*, 547 U.S. at 404. The gravity of the underlying offense giving rise to the warrantless home entry is relevant to the inquiry. *Lange v. California*, ___ U.S. ___, 141 S.Ct. at 2020 (citing *Welsh v. Wisconsin*, 466 U.S. 740, 753, 104 S.Ct. 2091 (1984)). "[A]pplication of the exigent-circumstances exception in the context of a home entry should rarely be sanctioned when there is probable cause to believe that only a minor offense [] has been committed." *Welsh v. Wisconsin*, 466 at 753. Here, Defendant arrested Plaintiff for a misdemeanor possession of less than two ounces of marijuana.[11]

Defendant submits that exigent circumstances support the warrantless search because the marijuana would likely be smoked or destroyed in the time it would take for him to obtain a warrant. Concerning the perceived exigency of the situation, he states in his affidavit:[12]

> From my training and experience I was aware that marijuana burns rapidly as it is smoked, and leaves only a small residue. It is also easy to destroy or dispose of. I am also keenly aware of the fact, both from training and experience in the field, that persons using or possessing narcotics or controlled substances typically try to escape or destroy the drugs when detected. I was very concerned that the marijuana

---

[11] Defendant Josiah Lemelin's Motion for Summary Judgment, ECF 23-9, at *1 (Exhibit I, Probable Cause Affidavit).
[12] *Id*., ECF 23-1, at *2 (Exhibit A Affidavit of Josiah Lemelin).

(and other potential drugs) would be disposed of, consumed or removed to another location during the time that it took for me to obtain a warrant. This usually takes a minimum of two hours on the average. Due to the urgency of the situation I chose to go ahead and make contact with these individuals in the carport.

The Fifth Circuit identified the following factors that are relevant to an exigent circumstances analysis: "(1) the degree of urgency involved and amount of time necessary to obtain a warrant; (2) [the] reasonable belief that contraband is about to be removed; (3) the possibility of danger to the police officers guarding the site of contraband while a search warrant is sought; (4) information indicating the possessors of the contraband are aware that the police are on their trail; and (5) the ready destructibility of the contraband and the knowledge 'that efforts to dispose of narcotics and to escape are characteristic behavior of persons engaged in narcotics traffic.' " *U.S. v. Rico*, 51 F.3d 495, 501 (5th Cir. 1995). The Fifth Circuit reiterated this "non-exhaustive list of factors" in *U.S. v. Menchaca-Castruita*, 587 F.3d 283, 289–290 (5th Cir. 2009); see also *U.S. v. Hearn*, 563 F.3d 95, 105 (5th Cir. 2009). An en banc panel of the Texas Court of Criminal Appeals adopted the same factors in *McNairy v. State*, 835 S.W.2d 101, 107 (Tex. Crim. App. 1991) (en banc).

More recently, however, the Texas Court of Criminal Appeals determined that these factors "no longer adequately assist a court determining whether the record shows an exigent circumstance." *Turrubiate v. State*, 399 S.W. 3d 147, 155 (Tex. Crim. App. 2013). Instead, the Court held that application of the exigent-circumstances exception based on the potential destruction of evidence requires some showing that the destruction of evidence was imminent. Relevant evidence can include sounds or actions by a suspect showing an intent to destroy contraband, such as shuffling noises, toilet flushing, verbal threats, or evasive conduct. *Id*. at 155. The exception "require[s] some evidence of exigency beyond mere knowledge of police presence and an odor of illegal narcotics." *Id*. at 154. The Court's analysis relies on the Supreme Court's

decision in *Kentucky v. King*, 563 U.S. 452, 131 S.Ct. 1849 (2011). *Id*. at 153. Specifically, the Court quoted the following from *King*:

> When law enforcement officers who are not armed with a warrant knock on a door, they do no more than any private citizen might do. And whether the person who knocks on the door and requests the opportunity to speak is a police officer or a private citizen, the occupant has no obligation to open the door or to speak. And even if an occupant chooses to open the door and speak with the officers, the occupant need not allow the officers to enter the premises and may refuse to answer any questions at any time. Occupants who choose not to stand on their constitutional rights but instead elect to attempt to destroy evidence have only themselves to blame for the warrantless exigent-circumstances search that may ensue.

*Id*. at 152 (quoting *Kentucky v. King*, 563 U.S. at 470, 131 S.Ct. at 1862). From that statement, the Court concluded that the Supreme Court did not presume that those in possession of narcotics would destroy evidence if they were aware of the presence of police officers, "but instead held that only those occupants who attempted to destroy evidence would be subjected to a warrantless exigent-circumstances search." *Id*. at 153. Following *Turrubiate*, Texas courts have required proof that the officer conducting a warrantless search due to exigent circumstances based on the potential destruction of evidence believed that the removal or destruction of evidence was imminent. See, e.g., *Igboji v. State*, 607 S.W.3d 157 (Tex.App.—Houston [14th Dist] Sept. 22, 2020); *Meane v. State*, 527 S.W.3d 557 (Tex.App.—Houston [1st Dist] June 29, 2017); *Lasyone v. State*, 2014 WL 3662567 (Tex.App.—Tyler July 23, 2014).

The Fifth Circuit has not considered the Texas Court of Criminal Appeals' analysis of *King* or similarly foregone the *Rico* factors to require proof that the destruction of evidence is imminent. As recently as 2015, after the decisions in *King* and *Turrubiate*, the Fifth Circuit continued to utilize the *Rico* factors. See *U.S. v. Gayden*, 623 Fed.Appx. 214, 215 (5th Cir. 2015) (per curiam) (citing *U.S. v. Menchaca-Castruita*, 587 F.3d at 289–290). Notably, the Supreme Court's decision in *King* did not make a finding concerning whether exigent circumstances existed in that case to

11

support a warrantless search.  Instead, the Court assumed that an exigency existed and considered whether a police-created exigency is an exception to the exigent-circumstances rule.  *Kentucky v. King*, 563 U.S. at 471, 131 S.Ct. at 1862.

In addition to showing the violation of a constitutional right, a § 1983 plaintiff also bears the burden of pointing out clearly established law.  *Tucker v. City of Shreveport*, 998 F.3d 165, 173 (5th Cir. 2021); see also *Clarkston v. White*, 943 F.3d 988, 993 (5th Cir. 2019).  The analysis of whether the right was clearly established does not require a case directly on point.  *Trent v. Wade*, 776 F.3d at 383.  Instead, the focus is on whether prior decisions gave officers a fair and reasonable warning that the conduct at issue violates a constitutional right.  *Id*. (citing *Kinney v. Weaver*, 367 F.3d 337, 350 (5th Cir. 2004) (en banc)).  "Existing precedent must have placed the statutory or constitutional question beyond debate."  *Kisela v. Hughes*, ___ U.S. ___, 138 S.Ct. 1148, 1152 (2018) (quoting *White v. Pauly*, ___ U.S. ___, 137 S.Ct. 548, 551 (2017)).  "An officer is entitled to qualified immunity 'unless all reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the United States Constitution.' "  *Linicomn v. Hill*, 902 F.3d 529, 538–539 (5th Cir. 2018).

In light of the differing opinions from the federal and state courts, the law concerning the application of the exigent circumstances exception as asserted here was not clearly established on March 8, 2019.  "As the qualified immunity defense has evolved, it provides ample protection to all but the plainly incompetent or those who knowingly violate the law."  *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096 (1986).  It cannot be said that "all reasonable officials in the defendant's circumstances" would have known that entering the carport after smelling burning marijuana violated Plaintiff's Fourth Amendment right.  *Linicomn v. Hill*, 902 F.3d at 538–539.

12

Defendant "may have been mistaken in believing his actions were justified, but he was not 'plainly incompetent.' "  *Stanton v. Sims*, 571 U.S. 3, 11, 134 S.Ct. 3 (2013).

### CONCLUSION

Plaintiff has not met his burden of showing a genuine and material dispute as to whether Defendant is entitled to qualified immunity.  The motion for summary judgment should be granted.

### **<u>RECOMMENDATION</u>**

It is accordingly recommended that Defendant Josiah Lemelin's Motion for Summary Judgment (ECF 23) be granted.

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b).

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court.  *Douglass v. United Servs. Auto. Assn*., 79 F.3d 1415, 1430 (5th Cir.1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 31st day of January, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE