UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:21-cv-00077

**Billy Jacobs,**
*Plaintiff,*

v.

**Josiah Lemelin,**
*Defendant.*

# ORDER

Plaintiff Billy Jacobs filed this action pursuant to 42 U.S.C. § 1983. Doc. 1. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636(b). Doc. 6.

The magistrate judge issued a report recommending that defendant Josiah Lemelin's motion for summary judgment be granted, finding no genuine and material dispute as to whether defendant is entitled to qualified immunity. Doc. 27. The court stayed the case pending resolution of defendant's motion for summary judgment. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001) (qualified immunity defenses should be addressed "early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive"). Plaintiff thereafter submitted objections to the report. Doc. 32. The court reviews objected-to portions of the magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

The magistrate judge's report and plaintiff's subsequent objection center around whether defendant is entitled to qualified immunity concerning the exigent circumstances exception. But before addressing whether that exception applies, the court must first determine whether defendant had probable cause to search.

"[P]olice officers need either a warrant or probable cause plus exigent circumstances in order to make a lawful entry into a home." *Kirk v. Louisiana*, 536 U.S. 635, 638 (2002). Defendant did not possess a warrant to search plaintiff's property. Therefore, defendant

needed both probable cause to enter the carport and exigent circumstances. But more importantly, to defeat qualified immunity, plaintiff needed to show it is clearly established in this circuit that the odor of burning marijuana did not provide probable cause or exigent circumstances. *See Boyd v. McNamara*, 74 F.4th 662, 667–68 (5th Cir. 2023). Neither the Supreme Court nor the Fifth Circuit have squarely addressed whether the odor of burning marijuana alone establishes probable cause. To be sure, those courts have held that the odor of burning marijuana does establish probable cause to search a vehicle. *See, e.g.*, *United States v. McSween*, 53 F.3d 684, 686 (5th Cir. 1995) ("[T]he smell of marihuana alone may be ground enough for a finding of probable cause, as this Court has held many times."). Excluding those automobile exception cases, the court finds that the issue has not been squarely addressed. Indeed, the most relevant Fifth Circuit cases suggest that the odor of burning marijuana alone may provide probable cause. *See, e.g.*, *U.S. v. Albarado*, 555 F. App'x 353, 356 (5th Cir. 2014) (probable cause found where law enforcement officers, acting on a tip, opened defendant's door and detected odor of burning marijuana). Accordingly, it was not clearly established at the time of the events giving rise to this lawsuit, that the odor of burning marijuana did not provide probable cause to enter the carport.

Regarding exigent circumstances, plaintiff argues the report erred when it relied on a perceived divergence in how the Fifth Circuit and Texas state courts analyze the exigent circumstances exception for finding the law not clearly established. Doc. 32. at 3. Specifically, plaintiff argues it was erroneous to "compar[e] the exigent-circumstances analysis from the Texas Court of Criminal Appeals to the exigent-[c]ircumstances analysis from the Fifth Circuit." *Id.*

Plaintiff is perhaps correct that the report's analysis went astray in basing its decision, in part, on the divergent exigent circumstances frameworks used by the Fifth Circuit and the Texas Court of Criminal Appeals. But the court is led to the same conclusion—that defendant is entitled to qualified immunity because the law in question was not clearly established in this circuit. To rebut the qualified immunity defense in this case, plaintiff needed to point to controlling

precedent from either the Supreme Court, Fifth Circuit, or "a robust consensus of persuasive authority" that clearly established the violative nature of the particular conduct. *Morgan v. Swanson*, 659 F.3d 359, 371–72 (5th Cir. 2011) (en banc).

    The Fifth Circuit has not squarely addressed when or if the odor of burning marijuana creates exigent circumstances that justify a warrantless search. Notably, other circuits are split on the issue. *Compare United States v. McMillon*, 472 F. App'x 138 (3d Cir. 2012) (finding exigent circumstances where officers smelled the odor of marijuana because it was reasonable to conclude that the contraband was being destroyed), *and United States v. Cephas*, 254 F.3d 488, 494 (4th Cir. 2001) (holding that warrantless entry was justified when the officer smelled marijuana and reasonably believed the marijuana would have been destroyed had he waited for a warrant), *with White v. Stanley*, 745 F.3d 237, 241 ("The upshot of all this is that police who simply smell burning marijuana generally face no exigency and must get a warrant to enter the home."), *and United States v. Mongold*, 528 F. App'x 944 (10th Cir. 2013) (holding that the odor of marijuana, along with complaints from neighbors and high car traffic going to and from the home, did not amount to exigent circumstances).

    Given the lack of on-point Fifth Circuit precedent, it is not "beyond debate" that the odor of burning marijuana does not trigger the exigent circumstances exception to the warrant requirement. *See Ashcroft v. Al-Kidd*, 563 U.S. 731, 741 (2011). And the apparent circuit split on the matter shows a lack of "robust consensus of persuasive authority." *See Morgan*, 659 F.3d at 371–72. Because it has not been shown that "all reasonable officials in the defendant's circumstances" would have known that entering the carport without a warrant due to the odor of burning marijuana would violate a constitutional right, defendant is entitled to qualified immunity. *See Linicomn v. Hill*, 902 F.3d 529, 538–39 (5th Cir. 2018).

    Having reviewed the magistrate judge's report de novo, and being satisfied that it contains no error, the court overrules plaintiff's objections and accepts the report's findings and recommendation.

- 4 -

The court grants the motion for summary judgment and dismisses this action with prejudice. Any motion not ruled on is denied as moot.

*So ordered by the court on November 8, 2023.*

J. CAMPBELL BARKER
United States District Judge